## NEGLIGENCE OF A MUNICIPALITY IN PERFORMING A MINISTERIAL DUTY.

Circuit Court of Cuyahoga County.

ETZENSPERGER & ORSCHAK V. CITY OF CLEVELAND.

Decided, February 11, 1902.

*Municipal Corporations Liable for Negligence of Officers when Acting in Ministerial Capacity—Liable for Negligence in Constructing a Public Building.*

1. Though municipal corporations are not liable for injuries caused by the negligence of officers while acting in a governmental, legislative or judicial capacity, they are liable to the same extent as private corporations where the injury is caused by negligence in performing some duty which is purely ministerial.

2. While the preparation and adoption of plans for a public building are the exercise of governmental and judicial functions, the construction of the building is ministerial, and where it is so negligently done that the building collapses upon the property of another, the municipality is liable in damages.

*Poppleton, Billman & Billman,* for plaintiff in error.
*Beacon, Baker, Gage & Carey,* contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

Error to court of common pleas.

Error is prosecuted in this court to reverse a judgment of the court of common pleas in sustaining a demurrer to the petition.

The petition charges that the city and one Francis Campbell in the winter of 1900 were building an engine-house for the use of the fire department of the city, at No. 36 Hill street in said

city. That they so negligently, carelessly and recklessly built and constructed the south wall thereof, which was composed of stone, brick and mortar, that a part of the same, on or about the 3d day of March, 1901, fell down upon the property of the plaintiff which was next to and adjoining said engine-house, and completely demolished and destroyed the same and the contents thereof, to the plaintiff's damages in the sum of about three thousand dollars.

The petition specifies the particular acts of negligence relied on.

On behalf of the city a demurrer was filed to this petition which was sustained and judgment rendered in favor of the city.

It seems to be well settled that a municipal corporation, acting in its governmental, legislative or judicial capacity, is not responsible for injury caused to person or property, by its negligence in the performance of such duties. ·Whether or not the municipality will exercise such powers is a matter of discretion with the proper officers or board charged with such duty, and such discretion can not be controlled by the courts. But, in the performance of duties which are purely ministerial, a municipal corporation is liable for its negligence in the same manner and to the same extent as private corporations.

We hold that the adoption of plans for and the direction to construct a public building, are acts judicial and governmental and included in the class first named. That the prosecution of the work in the construction of such building in accordance with the plans and determination of the municipality, is purely ministerial, and the duty rests upon the municipality to see that the work is done with ordinary care, and if injury to others is caused by the negligence of the municipality in the performance of such duty, a liability attaches. The petition, then, brings this case within this latter rule and states a cause of action.

The fact that the building is constructed for the use of the fire department, does not change the rule, as above stated.

For error in sustaining the demurrer to the petition and rendering judgment in favor of the defendant, the judgment of the court of common pleas is reversed and the cause remanded for further proceedings.